UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENNETH COLEMAN, <br><br> Plaintiff, <br><br> v. <br><br> ZACK SHIFFLET, BRIAN MILLER, COPENTER, DEVON BURTEN, M. HUFFMEN, <br><br> Defendants. | CAUSE NO. 2:25-CV-357-CCB-SJF |

## OPINION AND ORDER

Kenneth Coleman, a pre-trial detainee without a lawyer incarcerated at the DeKalb County Jail, filed an amended complaint against Zack Shifflet, Brian Miller, Copenter, Devon Burten, M. Huffmen. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, which Coleman signed under penalty of perjury, he claims that the event he is suing about was grievable, but he did not file a grievance because:

> I'v ben rote up far file a grievance." 2 paper forms but they get thrown out in the trash they don't give them to CPT Copenter or LT. Zack Shifflet[.] The officer's throw them in the trash.

ECF 6 at 3. Prisoners, however, are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v. Nussle*, 534 U.S. 516, 525 (2002). Even if Coleman believed that submitting a grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations

2

omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535. Coleman admits in his complaint that he did not exhaust his administrative remedies before filing suit. Therefore, this case cannot proceed. If Coleman can exhaust his administrative remedies, he may file a new lawsuit. However, it was legally frivolous for him to have filed this case before he exhausted his administrative remedies.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §. 1915A because it was legally frivolous for Kenneth Coleman to have filed this case before he exhausted his administrative remedies.

SO ORDERED on January 13, 2026.

> /s/*Cristal C. Brisco*
> CRISTAL C. BRISCO, JUDGE
> UNITED STATES DISTRICT COURT